## H. B. McGee et al. *v.* H. B. Jones et al.

Bill of Exceptions. *To action of board of supervisors. When taken and signed.*

A bill of exceptions to the action of a board of supervisors is subject to the same rules as one taken to a ruling of the circuit court made before the jury retire from the box, and hence must be taken and signed during the term at which the action objected to is had, unless by consent of the parties, or under an order of the court to be evidenced by the record proper, or by a recital in the bill itself, the time for preparing and perfecting it be extended into the following vacation.

Appeal from the Circuit Court of Holmes County.

Hon. C. H. Campbell, Judge.

H. B. Jones and others filed a petition before the Board of Supervisors of Holmes County praying to be allowed to retail vinous and spirituous liquors in said county. H. B. McGee and others filed a counter-petition thereto. The board granted the license. The counter-petitioners presented a bill of exceptions to the president of the board on the day the license was granted, but the president did not sign it until several months afterward. There was no agreement between the parties, nor any order of the board that the bill of exceptions might be signed after the adjournment of the board. The counter-petitioners appealed from the decision of the board of supervisors to the circuit court. That court, upon the motion of the petitioners, Jones and others, ordered the bill of exceptions taken and signed, as above stated, to be stricken from the files and the appeal dismissed. Thereupon this appeal was taken.

*E. F. Noel,* for the appellants.

The proceedings of the circuit court and board of supervisors are so unlike, and the duties and powers of a circuit judge and president so wholly dissimilar, that the attempt to ingraft, through § 1585 of the code, the circuit court regulations as to bill of exceptions upon § 2351 is entirely too far fetched.

The limitations governing the time of signing a bill of exceptions rest wholly upon the statutes, without other restrictions than those imposed by the established rules of practice in the courts in which the exceptions are taken. In the absence of statutory regulation it is not claimed that the signing of the exceptions after adjournment was prohibited by any rule of practice. Section 2351 certainly does not prohibit the signing of a bill of exceptions in vacation.

In the Ragsdale case, 51 Miss. 462, the court, after commenting on a number of decisions bearing on the question of whether a bill of exceptions could be signed after adjournment of court, declares that "the vast number of cases forbids their complete analysis. Statutes underlie and control most of them. In none is the power to sign in vacation denied, except when prohibited in terms by the statute."

*Hooker & Wilson,* for the appellees.

We can see no reason why the legislature should restrict circuit judges to signing bills of exception to term time (except in one special case) and giving presidents of boards of supervisors unlimited time. The *reason* of the limitation applies with much more force to the president of the board than it does to circuit judges. We can only conclude that the legislature intended by § 1585 to throw around the president of the board the same restrictions that are imposed by § 1718 upon the circuit judges.

It is manifest that § 1585 of the code made § 1718, as far as preparation of bills of exception are concerned, part and parcel of § 2351.

But, independent of the above quoted provisions of the statute, we think that it is clearly the duty of the president of the board of supervisors to sign bills of exception in term time. "Bills of

exception " is a well-defined legal term, with known and *judicially ascertained* characteristics. The manner and time of their preparation and signature had been settled by the repeated decisions of this court, and whether this case is to go off on the question of the statute or of practice, the result is the same. *Rankin* v. *Johnson*, 56 Miss. 127.

Cooper, C. J., delivered the opinion of the court.

We can perceive no reason why a different rule should apply to bills of exception taken to the action of a board of supervisors than that which was announced in the case of *Savings Bank* v. *Johnson*, 56 Miss. 125, in reference to those taken in the circuit courts, viz. : that they must be taken during the term unless by consent of parties, or under an order of the court, to be evidenced by the record proper or by a recital in the bill itself, the time for presenting it is extended into the following vacation. The bill in this case was not taken during the term nor was there any permission of the court or consent of parties that it might be taken in vacation.

*The appeal was, therefore, properly dismissed, and the judgment is affirmed.*

