## H. B. McGee et al. v. D. W. Beall.

1. Bill of Exceptions. *To decision of supervisors. Failure to sign.*

   When a bill of exceptions to the decision of a board of supervisors is prepared and tendered to the president of the board during the term at which such decision was rendered, the exceptor will not be permitted to suffer because of the failure of the president to sign it before the adjournment of the board, as required by law.

2. Retailing Liquor. *Petition for license. Code 1880, § 1099. Residence of petitioner. Jurisdictional fact.*

   Under § 1099 of the Code of 1880, authorizing boards of supervisors " to grant license to any person resident within their respective counties" to retail liquors, a license granted without it being shown to the board, by the petition

or otherwise, that the petitioner is a resident of the county in which he presents his application, is invalid. *McCreary et al.* v. *Rhodes & Silk et al., ante,* 308, cited. And such objection being a jurisdictional one, may be raised for the first time in this court, in a case properly brought here.

APPEAL from the Circuit Court of Holmes County.

HON. C. H. CAMPBELL, Judge.

D. W. Beall presented a petition to the Board of Supervisors of Holmes County to obtain license to retail vinous and spirituous liquors at Tchula, an unincorporated town in the fifth supervisors district of that county. H. B. McGee and others filed a counter-petition. The board of supervisors overruled the various objections raised by the counter-petition and granted the license. The counter-petitioners presented to the president of the board, during the session at which the decision was rendered granting the license, a bill of exceptions to such decision of the board, but the same was not signed by the president for more than ten days after the board had adjourned. The counter-petitioners appealed to the circuit court, but that court affirmed the decision of the board of supervisors upon the case as presented by the bill of exceptions. The counter-petitioners appealed to this court.

The petitioner, Beall, failed to state in his petition, or to show otherwise, that he was a resident of Holmes County. But this objection to the granting of the license was not raised either before the board of supervisors or in the circuit court.

*E. F. Noel,* for the appellants.

There is an objection to the form of the petition, which, while not specially set forth in the bill of exceptions, was in the court below, and is here a proper subject of consideration. The board held, as the bill of exceptions and their order shows, that the petition is in legal form, although it does not state that Beall, the applicant, is a resident of Holmes County, nor does that appear from the bill of exceptions. It should have been affirmatively shown in the petition that he was a resident.

The bill of exceptions in this case was prepared and tendered to the president of the board of supervisors during the same meeting of the board that passed on the petition. He withheld his signa-

ture till the following day in order to allow an examination by attorneys for appellee and signed it after the adjournment, on the mutual understanding that no point would be made on the time of signing, and none was made on it in the court below, and it is not to be presumed that any will or can be made here. The circuit court passed on the merits of the case.

*Hooker & Wilson*, for the appellee.

We say that the *filing* of the *statutory petition good* upon *demurrer* under the *statute gives* the *board jurisdiction* of the *subject-matter*, that the appearance of the parties gave them jurisdiction of the persons, and it was proceeding, with *full and complete jurisdiction* unquestioned, to investigate whether the signers were a majority of the legal voters resident in district number five of Holmes County, and whether applicant was a resident of said county, and while thus invested with jurisdiction they granted said order determining these matters in applicants' favor, and whether a court of record or not of record, the presumptions as to the correctness of its judgments are the same, and appellants will not be permitted to urge other objection than the one duly urged below.

We also insist that the bill of exceptions should be stricken from the files.

Cooper, C. J., delivered the opinion of the court.

The bill of exceptions in this case was prepared during the term at which the judgment appealed from was rendered, but the president of the board of supervisors for some reason not stated failed to sign it until after the adjournment of the term. The appellants, having done all that was in their power by preparing and tendering a proper bill to the proper officer, ought not to suffer by reason of his neglect to promptly sign the same.

The record nowhere shows that the applicant, Beall, was a resident of the county of Holmes, and the case falls precisely within the principles announced in the case of *McCreary* v. *Rhodes & Silk*, *ante*, 308.

It is manifest, we think, that the objection now sustained was not

suggested in the court below, but it is jurisdictional and may be made here for the first time.

*The judgment of the circuit court is therefore reversed, and a judgment entered here vacating and annulling the order of the Board of Supervisors of Holmes County granting to the appellee license to retail liquors as therein recited.*