HATHORN v. MORGAN, MAYOR OF TOWN OF WOODVILLE.

[66 South. 643.]

SCHOOLS AND SCHOOL DISTRICTS. *Separate districts. Review of decision. Code 1906, section 80.*

Under section 80, Code 1906, providing that any person aggrieved by judgment or decision of the board of a city, town, or village may appeal to the next term of the circuit court of the county, and may embody the facts and decision in a bill of exceptions, which shall be signed by the person acting as president of the municipal authorities, where the bill of exceptions was not taken and signed during the term of the municipal board at which the order complained of was passed, and it does not appear that the time for preparing and perfecting the bill was extended, into the vacation following the term. The mayor could properly refuse to sign a bill subsequently presented, even though the applicant had no notice that the matter had been presented to the board or of the passage of the order.

APPEAL from the circuit court of Wilkinson county.
HON. E. E. BROWN, Judge.

Petition for mandamus by Lucy E. Hathorn against
W. A. Morgan, as mayor of the town of Woodville. From
an order sustaining a demurrer to the petition, plaintiff
appeals.

The facts are fully stated in the opinion of the court.

*W. F. Tucker,* for appellant.

Section 80, Code of 1906, grants the right of an appeal,
without bond, to any person aggrieved by a decision of
the municipal authorities of a town to the next term of
the circuit court, and such aggrieved person may em-
body the facts and decisions in a bill of exceptions, which
shall be signed by the person acting as president of the
municipal authorities and the clerk of the municipal au-
thorities shall transmit the bill of exceptions to the cir-
cuit court on or before the first day of the next succeed-
ing term, or at once if the court be in session, etc.

It is true that, under said section 80, a bill of excep-
tions to the action of the board of municipal authorities
should be taken and signed during the term; but in this
case the appellant had no notice that a motion seriously
affecting her vested rights would be made, and she knew
nothing of the action of said board until some hours
after its adjournment.

The framers of said section 80, expected all persons
aggrieved by a decision of the municipal authorities to
be in court or to have some kind of notice to attend a
meeting affecting their rights and privileges. The ap-
pellant had none. The law gives her a right to an ap-
peal to the next term of the circuit court of her county,
which was on the fourth Monday, the twenty-eighth day
of October, 1912; appellant prepared her bill of excep-
tions, embodied all the facts and decisions as she knew
them from the records of the town's minutes. It was
impossible for appellant to allege that the bill of excep-

tions contained all the facts and evidence transpired and taken in regard to the action of the board, for the appellant was not there, had no chance to be there, and the board seemed anxious to pull off their little motion while she and others interested were ignorant that any matter affecting their rights were under discussion by the board. This bill of exceptions was duly and legally certified to by the clerk of the town and said board, and presented to the appellee, as mayor of the town and president of the board of alderman, for his signature and approval; but appellee refused to sign the bill of exceptions because it was not taken and presented during the meeting of the mayor and board of alderman at the June term, 1912.

Shall the appellant be prejudiced by the act of the board of alderman? She had not opportunity to properly present her bill of exceptions. In *McGee* v. *Beall,* 63 Miss. 455, this court held that where a bill of exceptions as prepared during the term of which the judgment appealed from was rendered, but the president of the board of supervisors, for some reason, failed to sign it until after the adjournment of the term, "that the appellants having done all that was in their power by preparing and tendering a proper bill to the proper officer ought not to suffer by reason of his neglect to properly sign same."

The facts of this case and that of *McGee* v. *Beall,* are different, but the principal is the same. Appellant here has done all that was in her power, and all that was left by the board for her to do, and she should not be made to suffer by the acts of appellee.

*A. H. Jones,* for appellee.

Section 80, Code of 1906, provides the only method of obtaining appeals from the decision of municipal authorities, and those aggrieved by the action or decision of the authorities are to embody the facts in a bill of exceptions, which shall be signed by the president and the record is

thereupon prepared by the clerk of the board and certi-
fied to the circuit court. This bill of exceptions is sub-
ject to the same rules as one taken to the ruling of the
circuit court, made during the term at which the action
objected to is had, unless by consent of the parties, or
under an order of the court to be evidenced by the record
proper, or by a recital in the bill itself, the time for pre-
paring and perfecting it be extended into the following
vacation. *McGee* v. *Jones,* 63 Miss. 453, 455.

"Without these facts, and unless the bill of exceptions
is prepared and signed in accordance with these simple
and plain requirements the circuit court would have no
jurisdiction. The statute, and the decision under it,
plainly limit the time in which the appeal can be taken;
if not taken in time, the appeal must be dismissed, even
though the bill of exceptions be signed." American and
English Enc., Pleading and Practice, 239, 240.

In the instant case, appellant in vacation, about four
months subsequent to the adoption of the order com-
plained of, demands of appellee that he sign a bill of ex-
ceptions presented him, without any showing that the
board—the court, whose action is complained of—was in-
formed of its contents, and without any showing, or even
claim, that it was correct and contained all the facts be-
fore the board at the time of the adoption of the order.
Appellee refused to sign it, and is now in court because
of that refusal since appellant seeks to force him to do
so.

Of what does appellant complain? To whose actions
does she except? Surely to the action and decision of
the board of mayor and alderman of the town of Wood-
ville; it is the action of that board which she seeks to
have reviewed, and it is from that action she desires re-
lief. Therefore, it is essential that her bill of exceptions
be presented to the board—the court—whose actions have
aggrieved her, and when it is so presented to that board
and has been settled and allowed by it, it then becomes
the duty of the presiding officer to sign it. His signing

it, however, is in obedience to the finding of the board, and is not his individual action. No matter what his personal belief may be, no matter if he should think the bill incorrect, when the board has settled it, it is his inescapable duty to sign it.

No litigant, nor person aggrieved by the decision of these boards, shall suffer, by reason of the refusal of the presiding officer, to sign the bill of exceptions—if they have done what is required of them, the recalcitrant officer will be forced to do his duty, or it will be presumed to have been done. But it is necessary that the complaining person show that he has done what the law requires of him. *McGee* v. *Beall,* 63 Miss. 455.

The fact that appellant had no notice of the passage of the order cannot affect this question. The board of mayor and alderman had no notice of this bill of exceptions. Appellant would not seriously contend that if the board of supervisors of Wilkinson county, at its June term, 1912, passed an order distasteful to her, or aggrieving her, she could force the president of that board to sign a bill of exceptions in September, without any effort on her part to obtain relief from the board, or even without informing the board of her contemplated action.

The petition shows that the bill of exceptions was never presented to the board; the exhibit to the petition, being the bill of exceptions itself, shows certain orders of the board of alderman of Woodville, but it fails to show that any of these orders were before the board at the time of the passage of the order complained of, and it further fails to show that this was all before the board. The fact that the bill of exception was certified by the clerk of the board is immaterial, for the reason that the clerk has absolutely nothing to do with bills of exceptions other than to transcribe the when settled and allowed, and transmit them to the circuit court. Section 80.

Appellee was correct in his refusal to sign the bill. He is not the board of alderman, nor is he the one re-

sponsible for appellant's alleged injury. It is not his duty to usurp the power of the board, and to attempt to bind the board by certifying facts in a bill of exceptions not known to it.

REED, J., delivered the opinion of the court.

This appeal is from the action of the circuit court in sustaining a demurrer to the petition of appellant, praying for the issuance of the writ of mandamus commanding appellee, the mayor of the town of Woodville, and president of the board of aldermen thereof, to sign and approve a bill of exceptions.

The petition shows that at a regular meeting of the mayor and board of aldermen of Woodville at the June term, 1912, an order was passed releasing certain territory from the separate school district of Woodville; that appellant, feeling aggrived at the decision of the board, prepared a bill of exceptions embodying the facts and decision of the board in passing the order, and on September 28, 1912, presented the same to the appellee, the mayor of the town, for his signature and approval, and that when he refused to sign the bill he gave as his reason for such refusal that the bill should have been taken and signed during the meeting of the board at the June term, 1912.

Section 80 of the Code provides that any person aggrieved by judgment or decision of the board of a city, town, or village may appeal to the next term of the circuit court of the county, and may embody the facts and decisions in the bill of exceptions, which shall be signed by the person acting as president of the municipal authorities. It appears that the bill of exceptions was not taken and signed during the term of the municipal board at which the order complained of was passed, and it does not appear that the time for preparing and perfecting the bill was extended into the vacation following the term. The mayor's reason for his refusal to sign the bill is

sufficient. The demurrer was properly sustained. *McGee v. Jones,* 63 Miss. 453.

The fact that appellant did not have any notice that a motion relative to the matter would be presented at the meeting and did not have notice of the passage of the order would not be sufficient to authorize the mayor to sign, several months after the adjournment, the bill of exceptions which was not prepared and presented to him during the term. In the case of *McGee v. Beall,* 63 Miss. 455, referred to by appellant, the bill of exceptions was prepared and tendered to the president of the board of supervisors during the term at which the order objected to was entered. The president failed to sign the bill before adjournment of the board, and the court held that the appellant in that case would not be permitted to suffer by reason of the president's neglect to promptly sign the bill. It will be seen that the decision in *McGee* v. *Beall* will not avail appellant in this consideration.

*Affirmed.*