BOARD OF SUP'RS OF MARSHALL COUNTY *v.* BROWN *et al.*\*

(Division B.  Feb. 28, 1927.  Suggestion of Error Overruled 'March 28, 1927.)

[111 So. 831.  No. 26313.]

1. SCHOOLS AND SCHOOL DISTRICTS.  *Mere irregularities in proceedings establishing consolidated school district cannot be inquired into, in absence of appeal to board of supervisors (Laws 1924, chapter 283, section 100).*

   Where there was no appeal to the board of supervisors from the action of the school board establishing consolidated school dis-

trict under Laws 1924, chapter 283, section 100, there can be no inquiry thereafter as to mere irregularities in proceedings by board of education.

2. SCHOOLS AND SCHOOL DISTRICTS. *Failure of school board to locate schoolhouse held fatal to creation of consolidated district (Laws 1924, chapter 283, section 100).*

   Failure of school board to designate location for schoolhouse for consolidated school district *held* fatal to validity of creation of district as being one of the essential requirements of Laws 1924, chapter 283, section 100, providing for creation and organization of consolidated school districts.

3. SCHOOLS AND SCHOOL DISTRICTS. *Location of schoolhouse in consolidated district is required before holding election to issue bonds (Laws 1924, chapter 283, section 100).*

   In proceedings under Laws 1924, chapter 283, section 100, for establishment of consolidated school district, location of schoolhouse therein is required before holding election to issue bonds, even though board may properly delay location of schoolhouse for further consideration after creation of district.

4. CONSTITUTIONAL LAW. *Schools and school districts. Law authorizing creation of consolidated school district held not violation of due process clause of federal Constitution (Laws Miss. 1924, chapter 283, section 100; Const. U. S. Amend. 14).*

   Laws Miss. 1924, chapter 283, section 100, for authorizing creation of consolidated school district, *held* not in violation of the due process clause of Fourteenth Amendment to federal Constitution, since property owners of district have full opportunity to be heard and protest against creating of district or issuance of bonds therefor.

*Corpus Juris-Cyc. References: Constitutional Law, 12CJ, p. 1257, n. 60 New; p. 1264, n. 46.  Schools and School District, 35Cyc, p. 835, n. 95; p. 850, n. 94; p. 992, n. 92.

APPEAL from circuit court of Marshall county.

HON. T. E. PEGRAM, Judge.

Proceeding for the establishment of the Waterford Consolidated School District of Marshall county. Creation of the district was confirmed by the board of supervisors of Marshall county, and, from an order authorizing issuance of bonds pursuant to a special election, R.

E. Brown and others appeal to the circuit court, which held the establishment of the School District void, and the board of supervisors appeals.   Affirmed.

*Smith & Smith,* for appellant.

I.   Constitutionality of the legislative scheme on which is based the entire consolidated school district system, with reference to whether or not the same violates either federal or state constitutions:

Judge Pegram predicating his holding of the unconstitutionality of the consolidated school system upon *Browning* v. *Hooper,* 70 L. Ed. 153, commonly known as the Archer county case, held that the Mississippi law violated the Fourteenth Amendment to the Constitution of the United States in that it took the property of appellees without due process of law.   The Texas statute construed by the court in the Archer county case and our own statutes are not analogous and the schemes are not kindred either in spirit or plan or purpose.   Chapter 283, section 99, Laws of 1924; and Texas statute, Revised Statutes 1911, articles 626-41, as revised in articles 736-52 in 1925.

In Mississippi the creation of the district is exclusively in the hands of those interested in the schools; to-wit, the county board of education and the patrons of the schools.   Sections 99-104.   A consolidated school district is simply a common school district where two or more existing schools have been consolidated into one single school district.   *Trustees of Walton School* v. *Covington County Board of Sup'rs,* 115 Miss. 117, 75 So. 833.

The powers conferred by the statute upon the county board of education to organize consolidated school districts are no judicial powers in the sense that due process is required for those thereby affected.   Such proceedings are administrative in character.   *King et al.* v. *Board of Sup'rs of Pontotoc County,* 97 So. 811.

If persons have the benefit of a full and fair trial in the several courts of their own state, where their rights are measured by general provisions of law applicable to all in like conditions and as a result are deprived of their property, it cannot be said that such deprivation is without due process of law. *Marchant* v. *Penn. R. R. Co.,* 153 U. S. 380, 38 L. Ed. 751; *Hodge* v. *Muscatine Co.,* 196 U. S. 276, 49 L. Ed. 477.

Therefore, the constitutionality of this law has been approved by the supreme court of Mississippi, the United States circuit court of appeals and the supreme court of the United States.

Additional authorities are: *King* v. *Board of Supervisors,* 133 Miss. 494, 97 So. 811; *Bufkin* v. *Mitchell,* 106 Miss. 253, 63 So. 458; *Walton School* v. *Covington County,* 115 Miss. 117, 75 So. 833; *Dye et al.* v. *Town of Sardis,* 119 Miss. 359, 80 So. 761; *Carrollton* v. *North Carrollton,* 109 Miss. 494, 69 So. 179.

II.   The court held that the act of locating the school house was jurisdictional and that unless it was done synchronously and simultaneously with the establishment and bounding of the district itself, everything else was void. Courts will not so construe a statute, if any other construction is reasonable or possible, as to cause an act of the legislature to seem either unreasonable, impracticable, absured or futile. *McElmore* v. *State,* 33 So. 225.

In order to effectuate the evident purpose of the statute, the courts will, if necessary, depart from a literal interpretation, and give it a broader or more restricted meaning than its mere words impart. *State Board of Education* v. *M. & O. R. R. Co.,* 72 Miss. 236, 16 So. 489.

An unjust or unwise purpose in any statute will not be imputed to the legislature which enacted it, when any other reasonable construction will avoid such an imputation. *Pattison* v. *Clinghan,* 93 Miss. 310, 47 So. 503. On the question of jurisdiction, see *Daniels* v. *Tearney,*

102 U. S. 418; *Ex parte Bennett,* 44 Cal. 88; *Sherer* v. *Superior Court,* 98 Cal. 653.

The reason for not locating the school building itself, at the time the district was established and its boundaries made, appeared excellent to the board of education and formed part of its judgment, and certainly formed no part of its prerequisite jurisdiction. To hold that the selection of the school site must be made at the same instant the district is created and bounded is as unreasonable as it would have been for the legislature to require that the election be held in the consolidated school district house before same could be built, owing to lack of funds because the bonds had not yet been authorized or sold. As our court said in *Keetan* v. *Clark County,* 117 Miss. 72, 77 So. 906: "The issuance of bonds is one thing, and the spending of the money derived therefrom is another and different matter altogether."

*Lester G. Fant,* for appellees.

I. A careful examination of the cases in our supreme court on consolidated school district, fails to show any decisions that holds that the location of the site of the school building is not a jurisdictional fact that must appear affirmatively in the minutes of the board of supervisors before any consolidated school district can exist. See *Keeton* v. *Board of Sup'rs,* 117 Miss. 72; *Boutwell et al.* v. *Board of Sup'rs,* 128 Miss. 337; *Monroe County* v. *Minga et al.,* 127 Miss. 702; *King et al.* v. *Board of Sup'rs,* 133 Miss. 494 at 500.

The location of this school must be affirmatively shown from the record before there can be a valid consolidated school district. *Purvis* v. *Robertson,* 110 Miss. 64.

II. It is true that our supreme court has held that to this action of the school board a person is not entitled to any notice under the Fourteenth Amendment of the Constitution of the United States, but in so holding I do

not think it was called to the attention of the court that unless notices were given at some time during the hearing in regard to consolidated school districts, that we would be in the position of taking the property of a person who lived in a consolidated school district from him without due process of law. *Browning* v. *Hooper* (1926), 70 L. Ed. 153, has never been construed, so far as I know, by the Mississippi supreme court.

If the supreme court of the United States had had in mind the local improvement at Waterford in the so-called Waterford consolidated school district, it could not have spoken more directly to the point than it did.

It would appear that the circuit court was certainly right in holding the scheme, as carried out in this effort to create the Waterford consolidated school district, as repugnant to the Fourteenth Amendment of the Constitution of the United States.

Argued orally by *L. A. Smith,* for appellant, and *Lester G. Fant,* for appellees.

HOLDEN, P. J., delivered the opinion of the court.

This suit involves the validity of the establishment of the Waterford consolidated school district of Marshall county. The circuit court, upon appeal from the board of supervisors, held that the creation and organization of this consolidated school district was void, because the county board of education had failed to comply with the requirements of the statute (chapter 14 of chapter 283, Laws of 1924), in that the board failed to "designate the location of the schoolhouse." The board of supervisors appeal from that judgment.

A majority of the public school patrons near Waterford in Marshall county petitioned the county board of education to establish the Waterford consolidated school district; the petitioners being residents of the proposed consolidated school district. The county board of edu-

cation established the district, defined its boundary lines, and also named the sections incorporated within said district, as provided by the statute, but the board failed to "designate the location of the schoolhouse." The board expressly pretermitted the location of the schoolhouse for further consideration. However, the location of said schoolhouse has not yet been designated, so far as the record shows, as required under the law.

The establishment of the district was objected to, but there was no counter petition against the formation of the district, nor did the objectors appeal from the action of the school board to the board of supervisors, and, we may as well say, at this juncture, that no inquiry can be had as to mere irregularities in the proceedings by the board of education, because there was no appeal by the objectors.

When the superintendent of education reported to the board of supervisors that the board of education had created the consolidated school district, the board of supervisors recognized and confirmed the district, and thereupon ordered an election for the issuance of bonds to the extent of fifteen per cent. of the assessed valuation of the property in the district, the proceeds to be used for the purposes of erecting buildings, purchase of land, transportation vehicles, and other school purposes.

The objectors residing in the district did not appeal from this order of the board, so an election was held and the bond issue was authorized by a majority of the voters. However, when the election returns were filed with the board of supervisors, the objectors appeared in person and by counsel, and filed their written objections against the issuance of the bonds, but the objections were overruled by the board of supervisors, and the bonds in the amount of fifteen thousand dollars, were ordered issued for the benefit of the consolidated school district, and from these orders of the board of supervisors an appeal was prosecuted to the circuit court, where, upon hearing, said court held that the establishment of the con

solidated school district was void, because of the failure
of the school board to designate the location of the school-
house, as required by the statute authorizing the creation
of the consolidated school district.

The decisive point in the case is whether or not the
failure of the board to locate the schoolhouse is a juris-
dictional defect that is fatal to the validity of the estab-
lishment of the district.

Chapter 14 of chapter 283, Laws of 1924, section 100,
page 440, is the only law authorizing the formation of a
consolidated school district, and reads as follows:

"The county school board at any regular or at a spe-
cial meeting called for that purpose on petition of a ma-
jority of the patrons of a proposed consolidated school
district may form a consolidated school district and it
shall be the duty of the board to determine and to de-
scribe the boundaries thereof and to name the sections
and parts of the sections composing the district and to
designate the location of the schoolhouse."

It will be observed that the statute requires the school
board to do three things, "to determine and to describe
the boundaries thereof and to name the sections and parts
of the sections composing the district and to designate
the location of the schoolhouse." In the case before us
the board failed to designate the location of the school-
house, and we think the failure was fatal to the validity
of the creation of the district. Designating the location
of the schoolhouse is one of the essential requirements
of the statute, which is the only authority to create the
district; and, as the formation of the consolidated school
district depends entirely upon the statute, the funda-
mental requirements thereof must be complied with,
otherwise a district cannot be formed. The view of the
lower court, in that regard, was correct.

But it is urged by appellant that the postponement of
the location of the schoolhouse was a matter within its
discretion, and that the statute did not prevent the board
from delaying the location for more mature considera-

tion until such time as the board had reached a conclusion as to where the schoolhouse should be located; that the delay in the location of the schoolhouse ought not to be considered as a failure to locate it, as required by the statute, because the location may be designated by the board at any time in the future.

We cannot agree with the view contended for by counsel. It may have been all right for the board to have delayed the location of the schoolhouse for further consideration, after the district had been formed by the school board, but the location of the schoolhouse was certainly required before. the election to issue bonds was held, and the matter voted on by the residents of the district. The electors were entitled to be informed where the schoolhouse would be located, before they voted for the bond issue and thereby impressed a tax obligation upon the property in the district.

We think the statute intended that all three of the essentials named therein should be complied with before a district could be said to be completely established. This was manifestly necessary that the district be complete, before the question of the bond issue could be legally and wisely passed upon by the voters of the district.

Another question presented in the case at bar is whether or not the statute authorizing the creation of a consolidated school district is repugnant to the due process clause of the Fourteenth Amendment to the federal Constitution. The recent federal supreme court decision of *Browning* v. *Hooper,* 269 U. S. 396, 46 S. Ct. 141, 70 L. Ed. 330, is cited by appellee as sustaining this view.

It is not absolutely necessary to pass upon this point, because the case at bar will be decided, upon another and different proposition, and, besides, our own court, in the case of *King* v. *Board of Supervisors,* 133 Miss. 494, 97 So. 811, has correctly held that this character of legislation does not violate the due process clause of the

state Constitution, and, for the same reasons given, does not violate the federal Constitution.

*Browning* v. *Hooper, supra,* dealt with the assessment and levy of taxes for a road district in Archer county, Tex., and the statute in that state, authorizing this proceeding, which the federal supreme court declared was repugnant to the Fourteenth Amendment to the federal Constitution, we think is different from our statute involved in the case at bar.

The Texas statute provided that an entire district might be formed by petition of fifty resident property owners, taxpaying voters, and the commissioners' court was then required to order an election for the issuance of bonds for road purposes, in the district, etc. As we understand that statute, the district could be outlined and defined by the fifty petitioners, and then the commissioners' court was required to recognize it and order an election for the issuance of the bonds, which would be issued upon a two-thirds vote in favor thereof. The fifty petitioners would arbitrarily define the district under the statute, but, under our statute, the board of education outlines and defines what land is to be included in the school district, the legislature having delegated this authority to the board; and, furthermore, under our statute, the property owners of the district have notice, and have the right to appeal from any order of the board of education or board of supervisors, and are offered full opportunity to be heard and protest against the creation of the district or the issuance of bonds therefor. Consequently, there is, in our opinion, no failure under the due process clause.

Therefore we do not think the *Browning* v. *Hooper, supra,* case is controlling, on the question involved in the case before us.

The judgment of the lower court is affirmed.

*Affirmed.*