BOARD OF SUPERVISORS OF MARSHALL COUNTY *et al v.* STEPHENSON.

(Division A. Suggestion of Error Sustained May 4, 1931.)

[134 So. 142. No. 28886.]

E. C. Wright and Lester G. Fant, both of H'olly Springs, for appellants.

Lester G. Fant, of Holly Springs, for appellant.

Smith & Smith, of Holly Springs, for appellees.

ON SUGGESTION OF ERROR.

**Smith, C. J.,** delivered the opinion of the court on Suggestion of Error.

The judgment of the court below herein was reversed on a former day, and it appears from a suggestion of error thereafter filed that we erred in so doing for a reason not discussed in the former opinion, 130 So. 684, and having no bearing on the question "there" to be discussed. The statement of the case will therefore be limited to facts bearing on that question, and the opinion hereinbefore rendered will be withdrawn.

On June 1, 1929, a petition was filed with the board of supervisors of Marshall county for the issuance of bonds of the "Laws Hill Consolidated School District;" and on the 3d day of June the county superintendent of education certified to the board of supervisors a copy of the order of the county school board creating the school district. Several written protests against the issuance of these bonds were filed by interested parties, which protests were overruled at the July meeting of the board of supervisors, and an election for the issuance of the bonds was ordered.

This election resulted in favor of the issuance of the bonds, and on the 9th day of August thereafter the board of supervisors, over the protest of interested parties, including the appellees, ordered the bonds to be issued, setting forth in its order that the "objectors and protestants . . . excepting in open court, prayed an appeal from the said order to the circuit court of Marshall county, Mississippi, which appeal was granted."

On September 3d the president of the board of supervisors signed a bill of exceptions setting forth the proceedings before the board of supervisors at its August meeting. This record was filed by the clerk of the board of supervisors with the clerk of the court below on the 10th day of February, 1930. When the cause came on

for trial in the court below the appellants moved the court to dismiss the appeal, for the reason that it was not perfected within the time provided by law. This motion was overruled. The court then heard the case, and held that "the order of the board of supervisors . . . creating the Laws Hill Consolidated School District is void," and reversed the order of the board of supervisors, directing the issuance of the bonds.

One of the objections to the issuance of the bonds set forth by the protestants is that the order of the county school board creating the district did not "designate the location of the school house," as required by' section 100, chapter 283, Laws of 1924.

The assignment of errors brings under review, among other rulings of the court below, first, the overruling of the motion to dismiss the appeal from the order of the board of supervisors directing the issuance of the bonds; and, second, the ruling that the order of the county school board creating the school district is void.

The statute governing appeals from boards of supervisors to the circuit court is that which now appears as section 61 of the Code of 1930, and provides that: "Any' person aggrieved by a judgment or decision of the board of supervisors, or the municipal authorities of a city, town, or village, may appeal to the next term of the circuit court of the county, and may embody the facts and decisions in a bill of exceptions, which shall be signed by the person acting as president of the board or of the municipal authorities; and the clerk thereof shall transmit the bill of exceptions to the circuit court on or before the first day of the next succeeding term, or at once if the court be in session."

The term of the circuit court next after the term of the board of supervisors at which the final order directing the issuance of these bonds was entered was due, under the statute, to convene on the fourth Monday of August, 1929; and the appellant's contention on the motion to dismiss the appeal from the board of supervisors

to the circuit court is that the appeal should have been to that term of the circuit court.

The bill of exceptions recites that: "The foregoing constituted the exceptions filed by the exceptors and protestants in the supervisors court, filed out of time by agreement, which agreement the clerk will here set out."

This agreement is: "That whichever side loses before the board of supervisors may have thirty days from the final decision of said board in which to prepare, file, and have signed by the president thereof a bill of exceptions, to cover points raised before said board on said matters, up to and including said final decision, and to file petition for appeal."

There is also indorsed on the bill of exceptions, immediately following the signature of the president of the board of supervisors, a stipulation by counsel representing the "proponents of the district and the bond issue," and "the objectors and exceptors," that "it is agreed that the above may be signed by W. H. French, President of the Board of Supervisors, for the reasons and purposes therein set out. This the 3rd day of September, 1929."

This bill of exceptions was filed with the clerk of the board of supervisors on September 4, 1929. It does not appear from the record that the August, 1929, term of the circuit court, was held, and, if held, whether it was then in session on the 4th day of September. If it was then in session, the appeal was perfected, as will hereinafter appear, in time for that term of the court, and should have been filed at once therein by the clerk of the board of supervisors. We will assume, for the purpose of the argument, however, that the circuit court was not in session when the bill of exceptions was filed with the clerk of the board of supervisors.

While the question is not without difficulty, it seems reasonably clear, when the statute is construed as a whole, that the next term of the circuit court to which an appeal from a decision of the board of supervisors must go is the term thereof next after the appeal has

been perfected by the signing of the bill of exceptions by the president of the board of supervisors. This bill of exceptions should ordinarily be signed during the term of the board of supervisors at which the decision complained of was rendered, but may be signed after the adjournment of the board by agreement of the parties to the controversy in which the decision was rendered. McGee v. Jones, 63 Miss. 453.

It may be that the time within which the bill of exceptions may be signed by agreement after the adjournment of the board must be reasonable; but if so, as to which we express no opinion, thirty days is not an unreasonable time for the perfecting and signing of such a bill of exceptions. The court below committed no error in overruling the motion to dismiss the appeal from the board of supervisors.

Section 100, chapter 283, Laws of 1924, requires the county school board, in creating a consolidated school district, to designate the location of the schoolhouse. This requirement of the statute must be complied with before an election is held for the issuance of bonds of the school district; and, if it has not been complied with, the board of supervisors is without power to issue such bonds. Board of Supervisors v. Brown, 146 Miss. 56, 111 So. 831.

The order here made by the school board located the schoolhouse "at the village of Laws Hill on section 12, township 6, range 4 west." Laws Hill is an unincorporated village or neighborhood, the boundaries of which, if such there are, do not appear.

In Parnell v. Trustees of Orange Lake Consolidated School District, 157 Miss. 276, 127 So. 280, it was held that an order locating the schoolhouse "in the Southeast quarter of Southeast quarter of Section 14, Township 7, Range 5," "does not meet the requirement of the statute." The location of the schoolhouse here seems to be no more definite than was the location of the schoolhouse there. The word "locate" means "to designate the site or place of," Webster's New International Dictionary;

38 C. J. 131, and the word "location," as used in the statute, is equivalent to "site or place." This order of the school board would permit the schoolhouse to be erected anywhere within the village of Laws Hill, and therefore does not locate it with sufficient definiteness.

We do not mean to hold that the order of the school board should specifically describe the land to be covered by the schoolhouse, but it should describe the land intended to be occupied by the school, which may embrace, within limitations not necessary to be herein set forth, more land than necessary for the erection of a school building.

But it is said, in effect, by counsel for the appellant, that the appellees have lost the right to complain of the validity of the order of the school board, for the reason that that question was presented to, and decided by, the board of supervisors at its July meeting, from which no appeal was taken.

The decision of the board of supervisors to issue the bonds did not, and could not, validate the order of the school board, and it was the duty of the board, at its August meeting, to decline to issue the bonds, although authorized by the election held for that purpose.

The appeal in Board of Supervisors v. Brown, supra, was from the final order of the board of supervisors, made after the bonds of the school district had been authorized by an election held for that purpose, and, if authority is necessary therefor, governs here.

The judgment hereinbefore rendered will be set aside, and the judgment of the court below will be affirmed.