STONE *et al. v.* PINE VALLEY CONSOLIDATED SCHOOL DISTRICT.

(Division A. Nov. 2, 1931.)

[137 So. 332. No. 29555.]

**Stone & Stone,** of Coffeeville, for appellants.

Cilman Woods, of Water Valley, for appellee.

**Cook, J.,** delivered the opinion of the court.

On January 1, 1929, upon a petition signed by a majority of the patrons of the territory of five common school districts of the county, the county school board of Yalobusha county adopted an order organizing said territory into a consolidated school district known as the Pine Valley consolidated school district; this order of the school board appearing to be in all respects regular and complete except that it failed to designate the location of the school house of the district.

Thereafter proceedings had touching the issuance of the bonds of the district, and, from an order of the board of supervisors providing for the issuance of such bonds, an appeal was prosecuted to the circuit court, and the order of the board of supervisors directing the issuance of the bonds was reversed.

On April 8, 1930, after the reversal of the order of the board of supervisors providing for the issuance of the bonds for the district, the school board adopted a second order consolidating the territory named in the former order as amended into the Pine Valley consolidated school district, and fixed the location of the schoolhouse of the district at a place designated as being "on the south side of the Coffeeville and Pontotoc public road opposite the intersection of the New Water Valley and Pine Valley road with said Coffeeville and Pontotoc public road in said district." Thereafter there was filed with the board of supervisors a petition of a majority of the qualified electors residing in the said Pine Valley consolidated school district, praying for the issuance of the bonds of the district for the purpose of erecting and repairing and equipping school buildings, teachers' homes, school barns, transportation vehicles, and the purchase of lands for schools in "an amount which added to all other outstanding indebtedness of the said consolidated school district shall not exceed fifteen per cent.

of the assessed valuation of all taxable property in the said district.'' Along with this petition, there was filed a written recommendation of the trustees of the consolidated school district that six thousand dollars in bonds of the district be issued and sold for these purposes. Upon this petition the board of supervisors entered an order reciting that the said Pine Valley consolidated school district appeared to be duly and legally organized, and was formed by consolidating two or more school districts, or parts of districts, and contained more than ten square miles of territory; that the petition contained the names of a majority of the qualified electors residing in said district; and ordered that an election be held in such district on the third day of May, 1930, at which election there should be submitted to the electors of the said district the question of whether or not the bonds of the district should be issued for the aforesaid purposes, in an amount which, added to all other outstanding indebtedness of the district, should not exceed fifteen per cent of the taxable property of the district. This order further declared it to be the intention of the board of supervisors to issue the bonds of the district in the sum of six thousand dollars, and prescribed the form of ballot to be used at such election.

On the same day that this order was entered by the board of supervisors, the trustees of the school district filed with the county election commissioners a writing designating the place for holding the said election as being at the ''old Pine Valley Schoolhouse, known as the Tabernacle,'' and thereupon the election commissioners caused to be published a notice that an election would be held at the designated place in pursuance of the order of the board of supervisors, the notice setting forth the purposes for which it was proposed to issue the bonds of the district. At the time and place named in this notice an election was held, and, upon the report of the election commissioner as to their acts and proceedings

in holding said election and as to the result of the voting thereat, the board of supervisors entered its order authorizing and directing the issuance of the bonds of the district in the sum of six thousand dollars. Thereupon certain patrons and taxpayers of the district filed their objections to, and protests against, the issuance of the bonds, which upon the hearing thereof were overruled, and an appeal was prosecuted to the circuit court. The circuit court entered a judgment dismissing the objections and protests of the said taxpayers, and confirmed the actions and proceedings of the board of supervisors in ordering the bonds to be issued and sold. The facts adjudicated by the board of supervisors in its order directing the issuance of the bonds will be more fully stated in disposing of the assignments of error based upon alleged defects therein.

There are two objections to the order of the county school board, dated April 8, 1930: First, that it does not appear therefrom that two or more schools, or parts of schools, were consolidated; and, second, that it does not sufficiently and definitely locate the schoolhouse of said district. In the case of King et al. v. Board of Supervisors, 133 Miss. 494, 97 So. 811, it was held that, in view of the statute defining a consolidated school district (section 99, c. 283, Laws 1924, section 6622, Code 1930), a resolution or order of the county school board establishing a consolidated school district must affirmatively show that the district is composed of two or more districts or parts of districts. In the case of Board of Supervisors v. Brown, 146 Miss. 56, 111 So. 831, it was held that the location of the school house by the school board is a necessary prerequisite to the full and complete organization of a consolidated school, and that, if the location of the schoolhouse might be delayed for further consideration and action after the formation of the district, still the location thereof was required to be made before an election to issue bonds was held and the mat-

ter voted on by the residents of the district; while in the case of Parnell v. Trustees of Orange Lake Consolidated School, 157 Miss. 276, 127 So. 280, it was held that, where the original order creating the district failed to locate the schoolhouse with sufficient definiteness to comply with the statute, this defect might be remedied by subsequent action of the school board before further action is taken for the issuance of the bonds of the district.

In the case at bar the original order of the school board attempting to establish the consolidated school district, which was dated July 1, 1929, and which failed to designate the location of the schoolhouse of the district, affirmatively showed that the proposed district was to be composed of parts of five named school districts. The second order of the school board, which was adopted on the eighth day of April, 1930, fixed the location of the schoolhouse of the district, and appears to be in all respects regular and complete except that it does not recite that the proposed district is composed of two or more districts or parts of districts. While the second order does not expressly recite that it is amendatory of the first, these two orders should be read together, the second as supplementary to the first, and, when so considered, these orders appear to be complete and regular, and sufficient to constitute a legal organization of the district.

The appellant contends, however, that the order dated April 8, 1930, does not sufficiently and definitely locate the schoolhouse of the district. There is no merit in this contention. The designation of the location of the schoolhouse as being "on the south side of the Coffeeville and Pontotoc public road opposite the intersection of the New Water Valley and Pine Valley road with said Coffeeville and Pontotoc public road in said district," fixes its location with sufficient definiteness.

The objections urged against the proceedings of the board of supervisors in ordering the election and the

issuance of the bonds of the district are without merit. The order of the board of supervisors for the holding of the election recites the due and legal organization of the consolidated district, composed of two or more school districts, or parts of districts, containing an area of more than ten square miles of territory; that the petition praying for the election contained the names of the majority of the qualified electors residing in said district; and ordered that an election should be held, at which there should be submitted to the qualified voters of the said school district the question of whether or not the bonds of the said Pine Valley consolidated school district should be issued in an amount which, added to all other outstanding indebtedness of the said consolidated school district, should not exceed fifteen per cent of the taxable property in the said district, for the purposes thereinbefore set forth; and announced the intention of the board to be to issue six thousand dollars of bonds for the purposes named in the order. The final order of the board also adjudicates that the petition praying for the calling of an election for the purpose of determining whether the bonds of the district should be issued for the purposes therein stated contained the names of a majority of the qualified electors of the district. This order sets forth in full the report of the election commissioners, showing the manner in which the election was held and conducted, the form of the ballot used, the notice of the said election that was published and the proof of proper publication thereof, the written designation of the place of holding the election by the trustees of school district, and the result of the election showing that a majority of the votes cast therein were in favor of the issuance of the bonds. The order further adjudicated the fact that six thousand dollars, together with all other outstanding indebtedness, did not exceed fifteen per cent of the assessed valuation of the property of the district, and that the issuance of

bonds in the sum of six thousand dollars was necessary and proper. The necessary jurisdictional facts are recited and adjudged on the face of these orders of the board of supervisors providing for the election and for the issuance of the bonds, and therefore the judgment of the circuit court confirming these orders will be affirmed.

Affirmed.