ROBERTSON, et al. *v.* BOARD OF SUPERVISORS

WINSTON COUNTY.

Division A.   Apr. 16, 1951.

No. 38174 (51 So. (2d) 741)

June 11, 1951, (53 So. (2d) 17)

Prisock & Prisock, for appellants.

803

804

**Strong & Smith,** for appellee.

**Holmes, C.**

Appellee has filed and presented a motion to advance this case on the docket of this Court as a preference case. ██ ██ The case on its merits involves an appeal from a decree of the Chancery Court of Winston County, overruling objections to the validation of fifty-four thousand dollars ($54,000) of Winston Consolidated School District Bonds of Winston County, and validating said bonds. Under Section 4314 of the Mississippi Code of 1942, the case is entitled to be heard as a preference case and the motion is therefore sustained, and the case is set for hearing on May 21, 1951. The appellants shall

file their brief on or before Monday, April 30, 1951, and the appellee shall file its brief on or before Friday, May 11, 1951.

Motion sustained.

PER CURIAM.

The above is hereby adopted as the decision and action of the Court.

**Lee, J.**

Against the validation of the bonds of the Winston Consolidated School District in the sum of $54,000, W. E. Robertson and others filed written objections, raising the following questions: (1) The notice of the special meeting of the school board was void. (2) The order issuing the bonds was without jurisdiction because reference was made to the registration rather than the poll books. (3) The amount of the issue exceeds 15% of the assessed valuation. (4) The board did not determine and describe the boundaries and name the sections and parts of sections. (5) The board did not create one district in its order, but two noncontiguous districts. (6) The districts were gerrymandered in such a way as to leave certain lands of the county out of any school district. (7) The location of the school building was indefinite and void. And (8) the objectors had no opportunity to be heard in the issuance of the bonds. From a final decree overruling the objections and validating the bonds, the objectors appealed.

No consideration is given to original objections (1), (2), and (3), because they are neither assigned nor argued.

On the face of the transcript of the record, it appears that a majority of the qualified electors of the existing Calhoun Consolidated and Central Consolidated School Districts petitioned the school board of Winston County to consolidate the two districts into one, to be known as

Winston Consolidated School District. The territory to be embraced was described in minute detail. It was recited that such territory contains more than ten square miles and that authority to transport pupils is granted. It was averred that 480 pupils live in the area, and that the buildings of both districts were dilapidated. There was a prayer for the location of the school building on the E½ of the NW¼ of NE¼ of Section 18, Township 13, Range 14, north of the Louisville and DeKalb highway.

Likewise on the face of the record, it appears that subsequently, at a special meeting of the school board, at a hearing in which the appellants participated, the board adjudicated that a majority of the qualified electors of each of said districts, in fact, two-thirds of such electors in the whole area, had signed the petition, and that such consolidation of the two districts into one would be for the best interests of all concerned. It further adjudicated that the territory contains more than ten square miles and that authority to transport pupils is granted. Such order consolidated the two schools, created the new district, determined and described the boundaries thereof, named the sections and parts of sections composing such district in minute detail, and named the new district Winston Consolidated School District. It designated the location for the school building on the twenty acres, as prayed for in the petition. On the face of the record, there was a full compliance with subsection (b), Section 6274, Code 1942.

On the face of the record, it appears that thereafter, a majority of the qualified electors of the newly created Winston Consolidated School District, in fact, 451 of 469 such electors in the whole area, petitioned the board of supervisors of Winston County to issue the bonds of said district in the maximum sum of $54,000 for the lawful purposes therein mentioned, in strict conformity with the law. The order of the board of supervisors adjudicated the existence of all the jurisdictional requisites, issued the bonds, and directed their validation.

In the meantime, appellants made no attack against either the creation of the district or the issuance of the bonds.

The proceedings of the school board appear to be valid on their face. Under such circumstances, objection (4), therefore, amounts to a collateral attack. We must follow here the announcement by this Court in a like proceeding in Lincoln County v. Wilson, 125 Miss. 837, 88 So. 516, 517, as follows: "Where in a case like this the district for which the bonds are to be issued was organized by one authority, and the bonds issued by another and different authority, under this statute there can be no inquiry into the legality of the formation of the district beyond what the record shows on its face; for that question only arises collaterally. If, therefore, according to the face of the proceedings before the board of education there is a valid consolidated school district, that is the end of the inquiry. It is inconceivable that the Legislature intended by this bond validation statute to open up for review by the chancery court not only the proceedings to issue bonds had by the authority issuing them, but, in addition, the legality of the organization of the district for which the bonds are issued, where the district is organized by one authority and the bonds issued by another. If this were true in a proceeding to validate county or municipal bonds of any character under this statute, the validity of the organization of the county or municipality could be inquired into." See also Van Zandt et al. v. Town of Braxton, 149 Miss. 461, 115 So. 557; Green v. Sparks, 174 Miss. 71, 163 So. 895; Hawkins v. City of West Point, 200 Miss. 616, 27 So. (2d) 549.

The foregoing rule disposes of objection (4). Tishomingo County School Board v. Crabb et al., 170 Miss. 146, 154 So. 345, has no application whatever.

As to objection (5), the map or plat in the record shows that the Calhoun and Central Districts, prior to their consolidation, had a common boundary line

between them for 6.5 miles. That fact renders such objection untenable.

Objection (6) has no support because the proof shows that the omission of any land in the county from a school district can, in no way, be attributed to this consolidation. Consequently, Myers et al. v. Board of Supervisors, 156 Miss. 251, 125 So. 718, is not in point.

■■■ This brings us to a consideration of objection (7), namely, whether or not the designation of the location of the school building on the twenty acres of land is void.

Subsection (b), Section 6274, supra, makes it the duty of the school board "to designate the location for a school building." Now, it was held in the case of Board of Supervisors v. Brown, 146 Miss. 56, 110 So. 831, that the location of the schoolhouse must be made before an election can be held for the issuance of bonds of the district. In that instance, the board failed to designate such location. The rationale was that "the electors were entitled to be informed where the schoolhouse would be located, before they voted for the bond issue and thereby impressed a tax obligation upon the property in the district."

In 1930, in Parnell v. Trustees, etc., 157 Miss. 276, 127 So. 280, it was held that the location of the schoolhouse in the "SE¼ of SE¼" of a designated section, township and range was too indefinite. In 1931, in Board of Supervisors v. Stephenson, 160 Miss. 372, 134 So. 142, 144, the location of the schoolhouse "at the village of Laws Hill on section 12, township 6, range 4 West." was likewise held to be too indefinite since Laws Hill was an unincorporated village or neighborhood, the boundaries of which, if such there were, did not appear. In that case the Court said: "*We do not mean to hold that the order* of the school board *should specifically describe the land to be covered by the schoolhouse,* but *it should describe the land intended to be occupied by the school, which may embrace,* within limitations not necessary to

be herein set forth, *more land than necessary for the erection of a school building.*" (Emphasis supplied.)

In the three cases cited above, it was the duty of the school board to designate the location of the "schoolhouse". Under subsection (b), Section 6274, supra, the duty devolved upon the board to designate the location for "a school building". In 1948 in Nichols v. Calhoun et al., 204 Miss. 291, 37 So. (2d) 313, in construing a statute which authorized the issuance of bonds for the erection of school buildings this Court held that a school stadium and athletic fields are within such authorization, when proper and necessary. Likewise in In re Savannah Special Consolidated School District of Pearl River County, 208 Miss. 460, 44 So. (2d) 545, a gymnasium was held to be a school building.

The record in this case shows that this new district will have a large enrollment. Courses will be taught in agriculture and home economics. Physical education, or athletics, will require a football field, gymnasium, basketball courts, playgrounds and parking spaces for school buses. It can be readily seen that school buildings, as now liberally construed, will occupy a large part of the twenty acres. Under such circumstances, we hold that the location was definite and is valid.

██ As to objection (8) appellants were parties in interest before the school board. The record fails to show any action thereafter taken by them to prevent the consummation of the consolidation and consequent issuance of bonds. There was no claim of the denial of any right to be heard as in In re Savannah Special Consolidated School District of Pearl River County, supra. Such objection was properly overruled.

██ In the assignment of errors new objections as regards the creation of the district other than those filed in writing at the validation hearing are now listed. A sufficient answer to those assignments is that they were not made grounds of objection in the court below, and they cannot be considered here. Besides, the same rule

which we applied in dealing with objection (4), supra, is applicable here to prevent a collateral attack.

██ A further assignment here is that the minutes of the school board were changed after written objections against the validation of the bonds had been filed. It arose at the time of the trial, and a continuance was sought on that account. However, this request was refused.

There was no abuse of discretion by the learned chancellor. The court found as a fact, after hearing the evidence, that the changes in the minutes were mere typographical errors, made in good faith so that the minutes would speak the truth. Besides in Lincoln County v. Wilson, et al., supra, it was even held as follows: "The proceedings of the board of education are valid on their face. They show a legal consolidated school district with the required territory. This being a collateral attack on the organization of the district, it follows, even if it be true that the district was fraudulently organized, that fact cannot be considered for the reason stated." Consequently, there was no error in this respect.

Affirmed.