BELDEN CONSOLIDATED SCHOOL DIST. *et al. v.* LEE COUNTY *et al.*

(Division A. March 30, 1931.)

[133 So. 225. No. 29323.]

158

Blair & Anderson,, of Tupelo, for appellants.

Mitchell & Clayton, of Tupelo, for appellees.

**McGowen, J.,** delivered the opinion of the court.

The trustees of the Belden consolidated school district and certain other taxpayers exhibited their bill for injunction in the chancery court of Lee county against the board of supervisors of said county, the superintendent of education and president of the county school board thereof, and the trustees of the Sherman consolidated school district, alleging that the Belden consolidated school district had been legally organized as such by the county school board, and had functioned as such since the year 1923; that, subsequent to its organization, bonds of the district had been issued, and that there was an outstanding amount of three thousand four hundred dollars unpaid, to the payment of which all the property of the district was pledged, and for the payment of which the board of supervisors had annually levied a tax on all the property therein; and that the Sherman consolidated school district likewise had been legally organized by the county school board of Lee, Pontotoc, and Union counties, and there was also an outstanding bond issue in that district, and that annually a tax was levied to pay these bonds; and all the property embraced therein was subject to the lien to pay of said bonds.

It was further alleged that the county school board of Lee county, on June 26, 1930, made an order releasing certain territory from the Belden consolidated school district and annexing said area to the Sherman consolidated school district; that the owners of land and

patrons of the school district within said area alleged that, by this order of the county school board, in substance, they would be subject to a tax in both school districts if such order, releasing said territory from the Belden district and adding it to the Sherman district, was valid and binding.

It was further alleged that the action of the school board releasing said area from the one district and adding it to the other was illegal and void, and assigned eight specific reasons therefor. We shall refer only to the fourth, which is as follows: "Said order of said board is void and of no effect because it does not adjudicate the facts necessary under said Section E for the releasing of certain property."

A demurrer was sustained to the original bill, whereupon it was amended and made to charge specifically that the action of the county school board declaring that a majority of the qualified electors in said area had not signed a petition, complainants alleging that they, themselves, constituted a majority of the qualified electors in the area, and further alleging that no petition was ever filed in said cause and no order entered; and that said action was a fraud as to complainants. A demurrer was sustained to the bill as amended; said demurrer being as follows:

"First: There is no equity on the face of the Bill.

"Second: The Bill seeks to collaterally attach (attack) order of the Lee County School Board, which cannot be done.

"Third: Complainant has a complete, adequate remedy at law."

The law applicable to the case at bar is found in article 6, chapter 278, Laws of 1930, section 6391, subdivision (e), section 6584, Code of 1930, reading as follows:

"(e) Whenever a petition signed by a majority of the qualified electors residing in a certain specified area of an existing common school district, consolidated school district, special consolidated school district, or rural

separate school district, is filed with the president of the county school board requesting that certain territory fully described therein be taken from such existing district, and the county school board, after fully considering the matter, adjudge that taking such territory from such existing school district will not seriously interfere with or impair the efficiency of such school district, then the county school board shall take such territory from such school district and assign it to some other district other than a common school district and its order shall be final without publication of notice as hereinbefore provided for; provided, however, that the board of supervisors of said county shall continue to levy taxes on such territory sufficient to pay its pro rata part of all outstanding indebtedness due by such school district at the time such territory is taken therefrom.''

It will be noted that by this section it is required that the county school board undertaking to remove territory from a consolidated school district is required to adjudge that such taking of such territory from a district will not seriously interfere with or impair the efficiency of such school district.

The order entered by the school board in the instant case shows that it was not so adjudged; no effort was made to adjudicate this important finding. It was essentially jurisdictional, and, in the absence of this adjudication, the order entered was void.

It is idle to say that was not important or material. The area proposed to be taken seems to be small, but the area of the entire district is not shown, and it cannot be taken for granted that such taking will not impair the efficiency of the school district. The presumption would be strong that such removal would seriously interfere with and impair the efficiency of the school district. There are, at least, two very important items connected with the efficiency of the school district which would be effected, viz.: the area of the land subject to

taxation, and the patrons of the school. Without this adjudication, the order was void, and the taxpayers were entitled to the injunction, and to be relieved of the effect of the void order.

But appellees contend that this is a collateral attack upon the order of the school board, which contention is answered by the decision rendered by this court on January 12, 1931, in Gilbert v. Scarbrough, reported in 131 So., at page 876, 878, wherein it was held that, where there was an outstanding bond issue, and an effort to take area from one district and add it to another, the petition must be filed by the qualified electors of the territory to be added, and of the territory to which it is to be added. The taxpayers there sought an injunction, and it was there held that, if the order was void, the proceedings were subject to a collateral attack, Judge ANDERSON saying:

"Appellees argue that this is a collateral attack of the proceedings of the board of supervisors and the school board, and therefore such proceedings will be presumed to be legal, unless the contrary appears on their face; and that the contrary does not appear on their face. We are of opinion that there is no merit in that contention. The defects in the proceedings of the county school board and the board of supervisors, pointed out above in this opinion, are jurisdictional. It was necessary that the record affirmatively show that those essential requirements were complied with; therefore, the silence of the record in that respect means that those requirements were not met. The proceeding, therefore, in attempting to detach this eight and a half square miles of a territory from the Center Ridge special consolidated school district, were void on their face, and subject to collateral attack."

The counsel for the appellant in this case raised precisely the same question that was presented in Gilbert v. Scarbrough, supra, but, as the bill does not seem to

raise the question, nor does it appear to have been presented in the lower court, therefore, we will express no opinion on this very serious question.

It follows from what we have said that the court below was in error in sustaining the demurrer to the bill. The demurrer should have been overruled.

The cause, therefore, will be reversed and remanded, and the appellees herein will be allowed thirty days after the filing of the mandate in the court below within which to file their answer.

Reversed and remanded.