GREEN, SHERIFF, ETC., *v.* SPARKS.

(Division A. Nov. 4, 1935.)

[163 So. 895. No. 31830.]

**T. A. Clark,** of Iuka, for appellant.

**E. K. Windham,** of Booneville, for appellee.

**Cook, J.,** delivered the opinion of the court.

Appellee, Jesse L. Sparks, filed his bill of complaint in

the chancery court of Prentiss county seeking to enjoin the sheriff and tax collector of that county from collecting a special levy of taxes imposed by the board of supervisors on all the taxable property of said county which is embraced within the boundaries of the purported BHN special consolidated school district. The bill of complaint charged that the acts and proceedings of the county school board in attempting to create the said special consolidated school district were illegal and void, and consequently that the proposed assessment and levy of taxes against appellee's property located in said district was likewise illegal and void. It was further charged that if the said special consolidated school district was ever legally created, the proceedings of the school board creating the district had been suspended at the time of the levy of said taxes, by virtue of a writ of certiorari with supersedeas issued to the school board, which removed said proceeding to the circuit court, where it was then pending. In the proceeding in the circuit court the writ of certiorari was quashed on the ground that the order and resolutions of the school board were not reviewable by certiorari, and this judgment was affirmed by this court. Tobe Pitts et al. v. C. G. Trantham, 157 So. 529. Thereafter a demurrer was interposed to the bill of complaint herein on the ground, among others, that the bill was a collateral attack on the orders of the school board, which were valid on their face. This demurrer was overruled, and an appeal was granted to settle the controlling principles involved.

The only question presented by this appeal is whether or not the legality of the special consolidated school district can be collaterally attacked in a proceeding to enjoin the collection of special taxes levied on the property of the district. The rule that the proceedings of a county school board or a board of supervisors cannot be collaterally attacked is limited to such orders or proceedings as are valid on their face, and all such orders as are void on their face are subject to collateral attack.

Gilbert v. Scarbrough, 159 Miss. 679, 131 So. 876; Belden Consolidated School District v. Lee County, 160 Miss. 157, 133 So. 225. In Caston v. Wilkinson County School Board, 170 Miss. 242, 154 So. 714, it was held that the notice in writing of a special meeting of a school board, required by section 6583, Code 1930, must set forth the purpose for which such special meeting is called, and must be served by mailing to the proper address of each member of the board, and by proper publication in a newspaper of general circulation in the county. It was there further held that in the absence of a showing in the minutes of the board of these necessary jurisdictional facts, an order attempting to exercise the statutory authority to annex territory to a consolidated school district was void.

Section 6584, Code 1930, provides that the school board shall have full jurisdiction at any regular meeting, or at a special meeting called for that purpose, to create, alter, or abolish a "special consolidated school district," as defined by statute. In the case at bar the notice addressed to the members of the county school board, and the order of the school board attempting to create the BHN special consolidated school district, are made exhibits to the bill of complaint. These orders affirmatively show the purpose for which the special meeting was called, but they failed to show that the notice was served by mailing to the members of the board and by publication, and applying the principles of the case of Caston v. Wilkinson County School Board, supra, the order creating the district here in question must be held to be void. Furthermore, the notice to the members of the school board called the special meeting to convene at the office of the county superintendent at nine A. M., Friday, August 18, 1933, for the purpose of considering petitions for the creation of said district, while the order of the board attempting to create the district recites that it was passed at a meeting of the board held in pursuance of such notice on August 16, 1933, two days before the

time fixed in the notice for the special meeting. The board was wholly without authority to take any action with reference to the creation of the district on the day the order was passed.

Under the provisions of section 6653, Code 1930, a special consolidated school district must contain not less than twenty-five square miles and not fewer than two hundred fifty pupils. The existence of these facts is necessary to authorize a school board to create a special consolidated school district, and an order of a school board creating such a district must affirmatively show these facts. In the order attempting to create the special district here involved, there is no finding of, or reference whatever to, these necessary facts, and for that reason also the order is void.

The decree of the court below overruling the demurrer to the bill of complaint will therefore be affirmed.

Affirmed.