BOTTS *et al. v.* PRENTISS COUNTY SCHOOL BOARD *et al.*

(Divison A.   Mar. 16, 1936.)

[166 So. 398.   No. 32163.]

T. A. Clark, of Iuka, for appellants.

E. C. Sharp, of Booneville, for appellees.

**Cook, J.**, delivered the opinion of the court.

This is an appeal from a decree of the chancery court of Prentiss county sustaining a demurrer to a bill of complaint filed against the Prentiss county school board, the board of supervisors, and the sheriff of said county, seeking to have an order of the said school board creating the New Site special consolidated school district declared void, and to enjoin the board of supervisors from levying, and the sheriff from collecting, any taxes for the support and maintenance of said school.

The bill of complaint charged that, prior to July 20, 1934, a notice was published in a newspaper of Prentiss county that a meeting of the county school board would be held on July 20, 1934, to consider a petition to create the New Site special consolidated school district; that on that date the school board convened, and there was then filed a petition to create the said school district out of territory then already included in various consolidated school districts; that the school board considered the said petition and voted to create the New Site special consolidated school district, but no record whatever was made of these proceedings; and that thereafter, and prior to

September 11, 1934, under the authority of said action of the school board, the superintendent of education appointed trustees of said district, let transportation contracts, and operated the said special consolidated school district. It was further averred that, on the 16th day of August, 1934, the chairman of the county school board issued a notice of a special meeting of the school board to be held on September 11, 1934, to consider, among other matters, the petition to create the New Site special consolidated school district which had been filed on July 20, 1934; that this notice was published in a newspaper in the county in the issues of August 24, August 31, and September 7, 1934; and that, in pursuance of this notice, the county school board convened on September 11, 1934, and adopted an order creating such school district; a copy of this order as it appears on the minutes of the board being filed as an exhibit to the bill of complaint.

The bill further charged that the notice of the special meeting of the school board, to be held on September 11, 1934, was insufficient to authorize the said board to create the New Site special consolidated school district, for the reason (1) that the territory to be included in the proposed district was not described therein; and (2) that it was based upon the petition filed July 20, 1934, which had already been acted upon by the school board. It was further alleged that the board was without jurisdiction to create the said New Site special consolidated school district, for the reason that the law does not authorize a school board to create a special consolidated school district out of the territory of existing school districts; and that none of the school districts out of which it was proposed to carve the territory to be included in the new district had been abolished in the manner provided by law.

It was further charged that the order creating the new district was void, for the reason that the petition therefor did not contain the names of a majority of the qualified electors residing in the particular territory proposed to

be taken from two of the then existing districts, and for the further reason that the board did not, as recited in its minutes, take up the matter of creating the said district on September 11, 1934, before it recessed to the following day. Copies of the petition for the creation of the said New Site special consolidated school district and the order of the board creating the district were made exhibits to the bill.

The petition for the creation of the New Site special consolidated school district appears to be full and complete on its face. It describes in detail the boundaries of the proposed district and the acreage to be included therein, and recites that the proposed territory contains more than twenty-five square miles, with more than two-hundred-fifty children of free-school age residing thereon; and that the efficiency of none of the districts from which territory was to be taken would be impaired by the organization of the proposed new district, but, on the contrary, the school interests of the several communities and of the county would be promoted thereby.

There is no merit in the contention that on account of the supposed action thereon, on July 20, 1934, this petition cannot serve as a basis for the action of the school board in creating the district at the meeting convened on September 11, 1934. As already stated herein, if any action on this petition was attempted on July 20, 1934, it rests wholly in parol. The board can only act and speak through its minutes, and no minutes of the board showed that it even convened on July 20, 1934; and, so far as the record discloses, this petition was filed on that date, and the first action thereon or in reference thereto was the issuance, on August 16, 1934, of a notice to the school board to convene on September 11, 1934, for consideration thereof. Any supposed action of the board on this petition on July 20, 1934, resting wholly in parol was, of course, void, and the vitality of the petition filed on that date was not affected thereby.

The notice of the special meeting of the school board,

convened on September 11, 1934, was sufficient, and was properly served by publication and by mailing a copy thereof to the members of the board. Section 6583, Code 1930, confers on county school boards full jurisdiction to create, alter, or abolish a special consolidated school district at a special meeting called for that purpose; and there is no requirement in the statute that the notice calling a special session of the school board for such purpose shall set forth a description of the territory to be included in, or excluded from, any district which it is proposed to create, alter, or abolish. This section provides for annual meetings of the school board on notice of publication and mailing, and also provides for the convening of special sessions of the board on written call by mail properly addressed to each member of the board; and, in Caston v. Wilkinson County School Board, 170 Miss. 242, 154 So. 714, it was held that this provision for calling special sessions contemplates and requires publication of a notice thereof, as well as mailing to the members of the board. The notice involved in the case at bar, which called the special meeting of the school board to convene at nine a. m. on September 11, 1934, covered many items of business to be considered at that meeting, and, so far as it applied to the creation of the proposed New Site special consolidated school district, it set forth that the meeting was called ''for the purpose of forming and determining the boundaries of a proposed special consolidated school district to be known as the New Site Special Consolidated School District, and to locate and determine the points at which school shall be taught in said district, the district to comprise the territory as shown by a petition on file with the county superintendent of education and ex officio chairman of county school board filed on July 20, 1934.'' This was a sufficient compliance with the statutory requirement that the notice should set forth the purpose for which the meeting was called.

Section 6584, Code 1930, has several subdivisions deal-

ing with the creation, alteration, and abolishment of the various types of school districts, each of these subdivisions providing a separate and complete scheme for the particular purpose covered thereby. Subdivision (a) provides for the creation, alteration, and abolishment of school districts by the school board on its own initiative, with limitations therein fully provided. Subdivision (b) of this section provides for the creation, alteration, and abolishment of school districts upon the initiative of the qualified electors of the proposed district; this provision being as follows: ''Whenever a majority of the qualified electors of a proposed consolidated school district, special consolidated school district, or rural separate school district shall file a petition with the president of the county school board describing the territory to be embraced in such school district and requesting that it be created into one district, then it shall be the duty of the school board to create such district and to determine and describe the boundaries thereof and to name the sections and parts of sections composing such district and to designate the location for a school building. When a school district is created under this provision, then it shall not be necessary for the board to publish its order creating same, and the order shall become final from and after its passage.''

This provision does not require that a majority of the qualified electors of the specified area of each district affected by the proposed action of the board shall sign the petition for the creation of a new district, or the alteration or abolishment of a district, but merely requires that a majority of the qualified electors of the proposed district as a whole shall file a petition with the president of the school board designating the territory to be embraced in such school district and requesting that it be created into one district. In its order creating the district, the board expressly adjudicated that a majority of the qualified electors residing in the proposed district had signed the petition.

The fact, if it be a fact as alleged, that the school board did not consider the petition for the creation of the proposed New Site special consolidated school district until the second day of the special session, which convened on September 11, 1934, is of no consequence. The school board convened on September 11th for the purpose of considering many items of business specifically set forth in the call for the session, and the minutes of the board show that, on account of failing to conclude its business, it recessed from day to day until September 13, 1934, on which day the order creating the district was finally passed and regularly entered on the minutes. The minutes recite that the board considered the creation of the proposed New Site special consolidated school district on the first and each succeeding day of the session until the order creating the district was finally entered, and it had a perfect legal right to continue in session from day to day until it concluded its business.

The order creating the district, a copy of which was made an exhibit to the bill of complaint, is full, complete, and regular in all respects. It describes in detail the boundaries of the district and the sections and parts of sections of land composing it, and fully adjudicates all jurisdictional facts necessary to the validity of the district. Consequently, the decree of the court below sustaining a demurrer to the bill of complaint will be affirmed.

Affirmed.