LEECH *et al. v.* WILEMAN *et al.*

(Division A. Nov. 22, 1937.)

[177 So. 12. No. 32905.]

I. L. Sheffield, of Fulton, for appellants.

Brown & Elledge, of Fulton, for appellees.

840

**McGowen, J.,** delivered the opinion of the court.

The appellees, W. E. Wileman et al., as trustees of, and taxpayers in, the Fairview Special Consolidated School District, C. L. Bowen et al., as trustees of, and taxpayers in, the Clay Consolidated School District, and J. E. Hughes et al., as trustees of, and taxpayers in, the Oakland Consolidated School District, filed their bill against D. E. Leech, county superintendent of education of Itawamba county, the school board thereof, and the trustees of Pleasant Grove Consolidated School District, in which they alleged that on June 11, 1935, the county school board, upon the petition of A. D. Tucker et al., undertook to create the Pleasant Grove Consolidated School District, and in so doing added thereto certain territory from each of the other districts named. The order of the board creating the Pleasant Grove Consolidated School District was made an exhibit to the bill. The bill further charged that the order was void for the reason that the territory as added to and constituting the new district was not alleged to have constituted ten square miles; that the district was gerrymandered so as to include certain persons and exclude certain persons; that the minutes of the board did not show that the school board affirmatively found that a majority of the qualified electors had signed the petition for the creation of the district; that said order did not define the boundaries of said proposed district; that said order did not locate the schoolhouse in said proposed district; that said order did not affirmatively find that the transferring of the terri-

tory from the Fairview, Clay, and Oakland districts would not seriously interfere with or impair the efficiency of the said districts. The bill stated that for these and other reasons the district was void, and that it would impair the efficiency of the other districts, and that taxpayers living in the district would be subject to pay taxes for a bond issue in the former district and to pay such additional taxes as might be levied for the operation of the new district; that it would be inconvenient to the school children and would disrupt each of the three districts affected.

It was further charged that the trustees of the Pleasant Grove Consolidated School District should be enjoined from making appropriations and dispensing the funds for the operation of the district. The prayer of the bill was to the effect that the status quo existing before June 11, 1935, with reference to the districts and the patrons thereof and the school children therein, be restored by the court; that the order creating the Pleasant Grove Consolidated School District be declared void, and that the children be allowed to attend the schools to which they had been assigned prior to the order.

A demurrer to the bill was sustained on the ground of multifariousness. Thereupon separate bills to the same effect were filed by the trustees and taxpayers of each of the named districts. A special plea was filed by the county school board et al., setting up that the organization and creation of the district had been validated by chapter 263, Laws 1936. The county school board et al., filed a separate answer to each bill denying the conclusion of the pleader in the original bill that the organization of the Pleasant Grove Consolidated School District was void for any of the reasons set forth. On the hearing of the cause the minutes of the school board were offered in evidence, as was some oral testimony in connection therewith. The county school board offered witnesses to show that certain jurisdictional facts actually existed. The court excluded this testimony.

The decree of the chancellor sustained the allegations of the bill and, in effect, declared the organization of the Pleasant Grove Consolidated School District void and restored the status quo of the several districts as they had existed prior to the order of June 11, 1935.

The main assignment of error presented to this court is that the court below should have sustained the appellants' contention that the irregularities and defects in the organization of the Pleasant Grove Consolidated School District were cured by chapter 263, Laws 1936. As we understand it, the only questions presented to us are whether or not the order creating the district was void, and, if void, whether the organization of the district was validated by chapter 263, Laws 1936.

The minutes of the county school board show only these facts with reference to the organization of the district in question:

"Order granting the petition of A. D. Tucker, et al., consolidating certain territory as follows: . . .

"The petition was considered and it is ordered that the following territory be and is consolidated into a consolidated district by the name of Pleasant Grove to-wit: [Then follow about forty lines of descriptions of separate tracts of land, a number of which were void for uncertainty.]"

We shall consider no other questions than the ones raised here by the briefs of counsel. The original organization of this district was void. The school board can only act and speak, in the particulars hereinafter pointed out, by the entry on its minutes. Botts v. Prentiss County Board, 175 Miss. 62, 166 So. 398. By sections 6583 and 6584, Code 1930, it was the duty of the board to enter on its minutes a description of the boundaries of the proposed district, as well as name the sections or parts of sections composing the district. This the county school board failed to do. The county school board attempted to organize a district upon petition without the necessity of subsequent publication of the order, as provided for in

paragraph (a) of section 6584 of the Code. The minutes show no boundaries as required by paragraph (b) of section 6584 of the Code.

It was essential that the county school board should affirmatively find that the taking of land and patrons from the three districts and adding to another would not impair the efficiency of the three districts. The statute requires that the county school board shall so adjudge. Belden Consolidated School District v. Lee County, 160 Miss. 157, 133 So. 225. The order of the school board does not adjudicate that ten or more square miles were included within this district. This is also essential and jurisdictional. Green v. Sparks, 174 Miss. 71, 163 So. 895. The order did not locate the schoolhouse. This is required by section 6584, Code of 1930, and is jurisdictional, as this court held in Board of Supervisors v. Brown, 146 Miss. 56, 111 So. 831; Barrett v. Cedar Hill Consolidated School District, 123 Miss. 370, 85 So. 125. The organization of the district was void for these and perhaps other reasons.

Did chapter 263, Laws 1936, validate the organization of the school district in question? Section 2 of that act is as follows: "That in all cases where the county school board or board of supervisors of any county in this state or the governing board of any city or town of this state have heretofore organized or attempted to organize a district under any of the laws of this state such district, with the boundaries set forth and described in the minutes of such county school board, board of supervisors or governing board of the city or town, be and the same is hereby declared to be a valid district, and the organization and creation thereof and all orders, resolutions and proceedings of such board in connection with such organization and creation be and they are hereby ratified, approved, confirmed and validated."

The language is clear, plain, and unambiguous that the effort of that chapter was to validate those school districts which had been theretofore organized or attemp-

ted to be organized in which the boundaries thereof were set forth and described on the minutes of such county school boards. In the case at bar the order organizing this district ignored the provisions of the controlling statute as to setting forth the boundaries. An examination of that entire act, as well as the title thereto, shows that it was the purpose of the Legislature to validate only those districts which had been attempted to be organized with the boundaries set forth and described on the minutes of the county school board. We do not think the doctrine relied on by counsel—"that is certain which can be made certain"—can be invoked here. The county school board did not undertake to describe the boundaries on its minutes, and therefore the order is void. The purpose of the act was to permit a district which had set forth its boundaries on the minutes of the creating board to secure loans and certain advantages from federal agencies. The Legislature conceived, as we think, that the federal agencies would not favorably consider a district which had not defined its boundaries on the minutes of the board. By the terms of the validating act the organization of this district was hopelessly incurable.

We conclude this opinion with the statement that county school boards which desire to advance the educational interests of their counties by the creation of these districts, as well as all other such creating bodies organizing districts which shall be subject to taxation, would do well to consider the controlling statute which empowers them so to do; be governed thereby, and at least undertake to follow the plain provisions of the statute in establishing such districts. The cases cited, supra, demonstrate the necessity for the school boards to be governed by the statute under which they propose to exercise authority, and to see that the essentials are set forth on their minutes. It is with reluctance that this court is compelled in this, as well as in other cases, to declare the organization of such districts void, but we have no alternative, and, so long as the provisions of the empowering

statutes are ignored, just so long will confusion continue; and while so declaring it does seem to us that the Legislature might in its wisdom abridge, simplify, and clarify the existing school laws and remove therefrom any unnecessary restrictions placed upon these boards, consistent with the public good and the final attainment of the object sought—the education of the children of the state.

Affirmed.