RENFRO et al. *v.* GIVENS et al.

In Banc. Nov. 14, 1949.

No. 37462 (42 So. (2d) 734)

**Cassedy & Cox**, for appellants.

**Hall & Callender,** for appellees.

**Cassedy & Cox,** in reply.

**Smith, J.**

This suit is an attack upon the validity of the organization of the Topeka-Tilton Consolidated School District in Lawrence County.

Among the grounds of the challenge is the charge that the order of the County School Board, attempting to establish the district, was invalid, because it did not adjudicate the proposed territory to be included therein contained an area of not less than ten square miles.

Section 6295, Code of 1942, classifies and defines five kinds of school districts, and declares that a consolidated district is: ". . . one that is formed by consolidating two or more districts or parts of districts or one district and one or more parts of districts and contains an area of not less than ten square miles and in which authority to transport pupils is granted."

Section 6274, subsection (b), Code 1942, provides that, upon completion of the necessary preliminary procedure

set forth therein, that it shall be the duty of the school board ". . . to create such district and to determine and describe the boundaries thereof and to name the sections and parts of sections composing such district and to designate the location for a school building. . . ."

In the case at bar, the county school board, among other things, were required to create a district with an area of not less than ten square miles, and to determine and describe its boundaries and name the sections and parts of sections composing it.

However, the challenged order failed to adjudicate that the area was not less than ten square miles, but did adjudicate the boundaries and names of the sections composing the district. Appellants contend that the order is void for failure to perform the former alleged mandatory duty, while appellees contend that the adjudication which described the boundary and named the sections was an adjudication that the district contained not less than ten square miles, since it could be checked by anyone interested and determined that the territory within said boundaries and sections was an area of not less than ten square miles.

To the original bill of complaint filed by appellants, the appellees filed a general demurrer, that "There is no equity on the face of the bill." This demurrer was sustained by the court, appellants declined to plead further, their bill was dismissed, and they have appealed. This action of the chancellor is assigned as error.

This same issue has been squarely before us heretofore, and the same arguments were there made as are made in the case at bar, including the point that this proceeding is a collateral attack, and hence not maintainable. In the case of Green, Sheriff, etc. v. Sparks, 174 Miss. 71, 163 So. 895, 896, this Court said that "The rule that the proceedings of a county school board or a board of supervisors cannot be collaterally attacked is limited to such orders or proceedings as are valid on their face, and all such orders as are void on their face are subject

to collateral attack", citing authorities. The right to maintain the suit there, which involved an injunction as here, was sustained by this Court because the order of the school board was void. On this point, we said: "Under the provisions of Section 6653, Code 1930, a special consolidated school district must contain not less than twenty-five square miles and not fewer than two hundred fifty pupils. The existence of these facts is necessary to authorize a school board to create a special consolidated school district, and an order of a school board creating such a district must affirmatively show these facts. In the order attempting to create the special district here involved, there is no finding of, or reference whatever to, these necessary facts, and for that reason also the order is void."

But, appellees argue that the definition of the boundaries of the district and the sections named therein demonstrate, on calculation, that the proposed district did contain an area of not less than ten square miles. We have gotten the original record in the case of Green, Sheriff, supra, and it and the case at bar are identical on that issue. In the Green case, also, the boundary of the district was defined, and the sections thereof named, and it could easily have been calculated from such data that the district did contain an area of the necessary number of square miles, just exactly as in the instant case. Nevertheless, the Supreme Court declared the attempted organization of the district failed, because of the board's neglect to adjudicate this jurisdictional fact themselves, in the order attempting to create the district.

 It is one thing to have evidence of the existence of jurisdictional matter, and another thing entirely to adjudicate an affirmative holding on it, required by law, to be done before such order can be valid. This legislation contemplates this as a mandatory duty of the school board, and requires that their order show their own affirmative finding of the fact that the district contained an area of not less than ten square miles. It was

not intended merely that others could find it out by any calculation for themselves.

In another failure to validly organize a consolidated school district, we pointed out that a county school board can only act and speak, with respect to certain particulars, relating to an attempted organization of a consolidated school district, by the entry on its minutes; that under statutes, in organizing a consolidated school district, the county school board must enter on its minutes the description of boundaries of the proposed district as well as the names of sections or parts of sections composing the district; and that the jurisdiction of county school boards to organize a consolidated school district also requires that the order of board affirmatively and expressly adjudicate that ten or more square miles are included within the district. Leech et al. v. Wileman et al., 179 Miss. 836, 177 So. 12, 15. It will be seen therefore that we have already held against the contentions of appellees on the issue under discussion, in the foregoing two decisions of this Court. In the immediately preceding citation, we specifically held that the board must define the boundaries of the proposed district and also name the sections and parts of sections. Therefore, the doing of the one will not excuse the omission of the other, on the doctrine "that is certain which can be made certain", as announced in the opinion there.

 In the Leech case, supra, it was also stated in the opinion of this Court: "We conclude this opinion with the statement that county school boards which desire to advance the educational interests of their counties by the creation of these districts, as well as all other such creating bodies organizing districts which shall be subject to taxation, would do well to consider the controlling statute which empowers them so to do; be governed thereby, and at least undertake to follow the plain provisions of the statute in establishing such districts. The cases cited, supra, demonstrate the necessity for the school boards to be governed by the statute under which

they propose to exercise authority, and to see that the essentials are set forth on their minutes. It is with reluctance that this court is compelled in this, as well as in other cases, to declare the organization of such districts void, but we have no alternative, and, so long as the provisions of the empowering statutes are ignored, just so long will confusion continue . . ."

As previously indicated, in an earlier part of this opinion, the order of the school board is also attacked for other alleged causes, but it is not necessary for us to pass on them, and we do not; since we have reached the conclusion that the order of the school board, attempting to establish the district, is void for failure affirmatively to adjudicate that it contains an area of not less than ten square miles, and that such adjudication is necessary, mandatory and jurisdictional.

Because of our views herein, we must and do reverse the decree of the chancery court, and enter a decree here for appellants.

Reversed and decree here for appellants.

**Hall, J.,** took no part in this decision.